■ MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., Respondent, v IM Y. AHN, Appellant. [748 NYS2d 559] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 11, 2002, entitling plaintiff to recover $209,503.16 from defendant, dismissing defendant's counterclaim, and bringing up for review an order, same court and Justice, entered December 19, 2001, which, inter alia, granted plaintiff's motion for summary judgment, unanimously affirmed, without costs. Appeal from the order entered December 19, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff was properly granted summary judgment on its claim to recover from defendant the deficiency in a judgment obtained by plaintiff against I.K. International, Inc. The deficiency was recoverable from defendant as damages for her breach of her agreement to maintain a minimum balance in her account sufficient to secure I.K. International's loan obligations; defendant had pledged the subject account as collateral to secure the loan at issue by plaintiff to I.K. International. Plaintiff's remedies were not limited to the rights of a secured creditor, i.e., to liquidate only the funds available in defendant's account, since plaintiff expressly did not waive all other rights available to it at law, in equity or otherwise, including the right to bring a common-law breach of contract action. Defendant was liable to plaintiff for damages flowing directly from her breach of the security agreement and her decision not to execute a personal guarantee of the loan is irrelevant.

Defendant's counterclaim, premised upon the theory that the mishandling of the pledged account by defendant's Merrill Lynch, Pierce broker could be imputed to plaintiff on an agency theory, was properly dismissed. The parties' security agreement, narrowly circumscribing the agency relationship between plaintiff and Merrill Lynch, renders this theory nonviable. It has, moreover, already been decided in the context of plaintiff's action against I.K. International that there was no tenable claim of an agency relationship between plaintiff and Merrill Lynch, Pierce with respect to the broker's handling of the subject account, and defendant, as I.K. International's president and sole owner, is bound by that determination (see Buechel v Bain, 97 NY2d 295). Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Ellerin, JJ.